UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HEATHER LYNN BOERSMA, | Case No. 6:23-cv-01782-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| SEAN ARMSTRONG, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Heather Lynn Boersma ("Plaintiff") asserts § 1983 claims against Defendant Judge Sean Armstrong ("Defendant"). *See* Pl.'s Compl. ECF 1. Defendant filed a motion to dismiss, asserting that Plaintiff's allegations arise out of actions that Defendant allegedly took while acting in his judicial capacity, entitling him to absolute immunity. Def.'s Mot. ECF 9. The parties consent to the jurisdiction of a U.S. Magistrate Judge. (ECF 13). For the reasons below, Defendant's motion to dismiss is granted.

Page 1 — OPINION AND ORDER

## BACKGROUND

For the purposes of this motion, Plaintiff's allegations are taken as true. Plaintiff, a *pro se* litigant, alleges that she filed a separate claim against her former employer on March 15, 2023. Pl.'s Compl. at 2. The case was assigned to Defendant. *Id.* Plaintiff asserts Defendant did not schedule her motions but "wasted no time" scheduling those by her former employer. *Id.* at 2-3. She further alleges that Defendant Armstrong permitted her former employer to force discovery from her without warning and that Defendant demanded Plaintiff turn over her phones. *Id.* at 3-4. Plaintiff also alleges that Defendant incorrectly stated that her objections regarding discovery requests were without merit. *Id.* at 4. Altogether, Plaintiff asserts Defendant Armstrong violated her Fourth, Fourteenth, and First Amendment rights, resulting in this § 1983 claim. *See* Pl.'s Compl. Defendant filed the motion to dismiss based on absolute immunity. *See* Def.'s Mot.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Insurance Company*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The

court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Absolute immunity is necessary to avoid litigation that would deflect from an official's public duties. *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). This extends to individuals acting within their judicial capacities. *Ashelman v. Pope*, 793 F.2d 1972, 1075 (9th Cir. 1986) (en banc). "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Id.* Judges have absolute immunity even when "their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). Whether their actions were judicial is determined by considering if "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation in his or her official capacity." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021). A judge can lose absolute immunity when they act entirely absent of their jurisdiction or the action is not judicial in nature. *Schucker v. Rockwood*, 846 F.2d 1202,

1204 (9th Cir. 1988) (per curiam). Administrative decisions are also not within the scope of judicial immunity. *Forrester v. White*, 484 U.S. 219, 228-30 (1988). It is the burden of the party seeking absolute immunity to show that it is justified. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016).

Plaintiff's alleges actions arising under Defendant's normal judicial duties. The allegations, such as making discovery rulings or scheduling motions are all within Defendant's official capacity. These actions are inherently judicial in nature and within Defendant's jurisdiction because they were within the scope of his official judicial duties concerning a pending case in front of him. Therefore, assuming all of Plaintiff's allegations are true, Plaintiff fails to state a claim that would entitle her to relief because Defendant Armstrong is absolutely immune from suit.

Ordinarily *pro se* litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). Here, amendment of Plaintiff's Complaint would not overcome Defendant's absolute immunity. Therefore, amendment would be futile, and the Complaint is dismissed with prejudice.

## CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED. Plaintiff's Complaint is dismissed, with prejudice.

DATED this 7th day of March 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge